UNITED STATES of America

v.

Richard BAEZ, Appellant.

No. 09–2370.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 7, 2011.

Filed: May 26, 2011.

Sherri A. Stephan, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Richard Baez, Minersville, PA, pro se.

Benjamin B. Cooper, Esq., Office of Federal Public Defender, Allentown, PA, Robert Epstein, Esq., Brett G. Sweitzer, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: SCIRICA, AMBRO and VANASKIE, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

In 2008, Richard Baez was found guilty of: conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a); aiding and abetting the interference with interstate commerce by

robbery in violation of 18 U.S.C. § 1951(a); and aiding and abetting the use and carrying of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). On appeal, Baez contends the District Court committed error by failing to make sufficient inquiry over the replacement of a jury member. We will affirm.

## I.

On April 17, 2007, Richard Baez drove Miguel Dominguez to the EconoLodge hotel in Allentown, Pennsylvania. While Baez waited in the car, Dominguez entered the hotel brandishing a sawed-off shotgun, demanded money from an employee, and stole approximately $233 from the cash drawer. Dominguez got into the waiting car and Baez drove them away. Baez was later arrested and charged with the above counts.

At trial, Baez called several character witnesses to testify on his behalf. After the trial's fourth day, Juror Twelve telephoned the court's deputy clerk and left a voice message. The deputy clerk did not succeed in reaching the juror that evening but was able to speak with her the following morning before court reconvened. Juror Twelve told the deputy clerk that she was concerned for her safety because, while driving home from dinner, she encountered one of the defendant's character witnesses who lived near her.

With the consent of both parties, the court interviewed Juror Twelve off the record. The juror said she was driving home from dinner with her windows down when the witness looked directly at her, but she was unsure whether the witness recognized her. She was frightened by the incident, prompting her to take anti-anxiety medication that evening and again the following morning. She stated she had not disclosed the incident to the other jurors, an assertion the court found credible. The court informed the parties that Juror Twelve appeared calm and collected and her demeanor would not have been likely to arouse concern with the other jurors.

With the agreement of both parties, the judge replaced Juror Twelve with an alternate. The court informed the remaining jurors that Juror Twelve was replaced for good reason and they should not speculate on why she was excused. Throughout the trial, the court had repeatedly cautioned the jurors not to discuss the case before deliberations. And in its jury charge, the court instructed the jury to decide the case based only on the evidence presented.

Baez was convicted on all counts. The court sentenced him to 153 months' imprisonment, five years of supervised release, and a special assessment of $200. Baez now contends the court's dismissal of Juror Twelve without conducting a specific inquiry of the remaining jury members for bias or prejudice was error.

## II.

Because Baez, by his own admission, did not object at trial, we review for plain error. *United States v. Boone,* 279 F.3d 163, 174 n. 6 (3d Cir.2002) (citation omitted). In order to prevail under a plain error standard, Baez must show (1) there was error, (2) the error was plain, and (3) the error affected substantial rights, i.e., affected the outcome of the proceedings. *United States v. Voelker,* 489 F.3d 139, 153–54 (3d Cir.2007).

Baez contends the court erred by interviewing Juror Twelve off the record. The court explicitly advised both parties of its plan to speak with Juror Twelve privately, and both parties consented. The trial court has substantial discretion in the manner of inquiring into jury prejudice. *See United States v. Kemp,* 500 F.3d 257,

301–02 (3d Cir.2007) (noting when dealing with jury misconduct "the District Court was in the best position to understand and respond to the exigencies of the situation"). It was not error, let alone plain error, for the court to speak to the juror off the record. Both parties agreed to the court's approach. The court immediately recounted on the record the substance of the private interview and described the juror's demeanor. Furthermore, Baez has not shown the "error" affected his substantial rights. There is no indication conducting the conversation on the record would have affected the outcome of the proceeding.

Baez also claims the court erred in failing to question the remaining jurors for possible prejudice. In determining whether to voir dire the entire jury, the trial court must "balance the potential benefits of further investigation against the possible harm of calling attention to a relatively minor situation about which the other jurors may have been unaware." *United States v. Bertoli*, 40 F.3d 1384, 1395 (3d Cir.1994). We accord deference to the trial court's balancing because we, "as an appellate tribunal, are in a poor position to evaluate these competing considerations; we have only an insentient record before us." *Id.* (internal quotations and citations omitted).

██ It was not error to decline to question other jurors when there was no indication they were aware of the situation.[1] After interviewing Juror Twelve, the court described to both parties her calm demeanor, explained that she had not spoken to any other jurors about her concerns,

and concluded that nothing about her manner would indicate to another juror that there was something amiss. We give deference to the trial court's findings as to the juror's demeanor and credibility. *Kemp*, 500 F.3d at 304–05. There was no indication the jury was exposed to the information involving Juror Twelve's dismissal other than the court's instruction on the matter. Therefore, we conclude the court did not commit error, let alone plain error, in declining to question the remaining jurors for possible prejudice.

### III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

1. Baez primarily relies on our decision in *Government of Virgin Islands v. Dowling*, 814 F.2d 134 (3d Cir.1987). In *Dowling*, we found error in declining to question the jury after a juror advised the court that the jury had been exposed to extra-record information about the case and the defendant's past criminal record, including a prior conviction for bank robbery. *Dowling*, 814 F.2d at 135. Here, voir dire of the jury presented the risk of disclosing issues to which the jury was previously unaware, a factor not present in *Dowling*.